UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


LESLIE KEITH MAY,

        Petitioner,

v.                                  Case No. 2:04-cv-198
                                  HON. GORDON J. QUIST

LINDA METRISH,

        Respondent.

_____/


## REPORT AND RECOMMENDATION

Petitioner Leslie Keith May filed this petition for writ of habeas corpus challenging the validity of his state court convictions. Petitioner was convicted pursuant to a guilty plea of one count of first-degree criminal sexual conduct, for which he received a sentence of 20 to 40 years imprisonment, and one count of second-degree criminal sexual conduct, for which he received a sentence of 5 to 15 years imprisonment. Petitioner was sentenced on May 5, 1989. Petitioner's direct appeal was denied by the Michigan Court of Appeals on October 22, 1990, and by the Michigan Supreme Court on June 28, 1991.

Petitioner filed a motion for relief from judgment in state court on April 30, 2002, based on "new" evidence. This motion was denied on May 1, 2002. Petitioner's subsequent appeal was denied by the Michigan Court of Appeals on July 26, 2002, and by the Michigan Supreme Court on April 29, 2003. Petitioner took no further action until he filed the instant application for habeas corpus relief, which is dated August 31, 2004.

Petitioner maintains that his conviction was obtained in violation of his federal rights. The instant petition sets forth one claim for relief, specifically that the prosecution failed to disclose

evidence favorable to the Petitioner, which resulted in the conviction.  The respondent has filed motion for summary judgment asserting that Petitioner's application for habeas corpus relief is barred by the one-year statute of limitations.  (Docket #7.)  In addition, Rule 5 materials have been filed and the matter is now ready for decision.  After a review of the record, I am recommending that Respondent's motion for summary judgment be granted.

As noted above, respondent claims that Petitioner's application is barred by the one-year period of limitation provided in 28 U.S.C. § 2244(d)(1), which was enacted on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act , PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA).  The one-year period of limitation provided in § 2244(d)(1) is new, as there previously was no defined period of limitation for habeas actions.[1]  Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest ofS
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1]Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition if it appears that the state has been prejudiced in its ability to respond to the petition by delay in filing unless the petitioner showed that the petition was based on grounds that he could not have known before the circumstances prejudicial to the state occurred.

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the period of limitation is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

In this case, § 2244(d)(1)(A) provides the period of limitation. The other subsections do not apply to the grounds that petitioner has raised. Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." According to paragraph nine of Petitioner's application, Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on June 28, 1991. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on September 28, 1991, at which point the judgment became final by the conclusion of direct review.

By the letter of the statute, petitioner had one year from September 28, 1991, to file his habeas application. However, a literal application of § 2244(d)(1), which was enacted on April 24, 1996, would extinguish claims that could have been brought prior to the enactment of the provision. As one court has stated:

> [O]n the eve of the Act's enactment, Petitioner could have been confident that he possessed the right to petition this Court for a writ of habeas corpus, only to rise the next morning to learn that his right had not only disappeared, but had expired three years earlier.

*Martin v. Jones*, 969 F. Supp. 1058, 1060 (M.D. Tenn. 1997). If Petitioner had filed his application on April 23, 1996, his claim would have been viable because the period of limitation had not yet been enacted. *See Lindh v. Murphy*, 117 S. Ct. 2059, 2063, 2068 (1997) (amendments to chapter 153, including period of limitation under § 2244(d)(1), generally apply only to habeas cases filed after enactment of the AEDPA). However, Petitioner's claim would have been extinguished on the morning of April 24, 1996 by the enactment of § 2244(d)(1). Because § 2244(d)(1) could extinguish claims, those persons seeking habeas corpus relief in federal court have been allowed a grace period of one year. *Brown v. O'Dea*, 187 F.3d 572, 577 (6th Cir. 1999). Thus, Petitioner is accorded a one-year grace period.

Petitioner did not file his motion for relief from judgment until April 30, 2002, well after the one-year grace period had ended on April 24, 1997. However, Petitioner claims that he is entitled to equitable tolling of the statute of limitations because his April 30, 2002, motion for relief from judgment was based on newly discovered evidence, which had been suppressed by the prosecution or, in the alternative, that the statute of limitations did not begin to run until he discovered the report pursuant to § 2244(d)(1)(D). According to Petitioner, he did not discover the evidence until early in 2002, when his brother obtained a November 30, 1988 police report from the police department. The police report is attached as Exhibit 2 to Petitioner's brief in support of his application for leave to appeal to the Michigan Court of Appeals, which is dated July 23, 2002. (See Brief in Support of Application for Leave to Appeal, Docket #15.) This police report includes the following statement:

> Undersigned picked up the medical records on _____ and _____ who were examined on 8-15-88 by Dr. Englehardt at St. Joseph East Hospital. Per his written reports, _____ does not show any evidence (physical) of sexual abuse. Per his written report and I also spoke with Dr. Englehardt, _____ has some irregularities in the strands of

the hymenal ring but that does not indicate sexual abuse.  He stated that it could be caused by falling on a bike or a fence or manual stimulation.

(See Exhibit 2 to the Brief in Support of Application for Leave to Appeal, Docket #15.)

As noted by the Respondent in the motion for summary judgment, such evidence does not qualify as "new evidence."  The police report is dated December 5, 1988, and was discovered via a Freedom of Information Request.  (See Exhibit 1 to the Brief in Support of Application for Leave to Appeal, Docket #15.)  Petitioner fails to explain why he did not file such a request prior to 2002.  Moreover, such evidence is not exculpatory as it states that the irregularities in the hymenal ring could have been caused by manual stimulation.  A review of the transcript of Petitioner's plea hearing reveals that he admitted penetrating the vagina of one of his victims with his finger.  (Plea Transcript p. 15.)  Therefore, the police report arguably supports the conviction.  The undersigned opines that this "new evidence" is insufficient to undermine confidence in Petitioner's guilty plea.  Because Petitioner has failed to show that in light of the police report, no reasonable juror would have found him guilty beyond a reasonable doubt, he is not entitled to equitable tolling on this basis.  *Souter*, 395 F.3d at 590, 598-99; *Bousley*, 523 U.S. at 623; *Allen*, 366 F.3d at 405.

Finally, even if Petitioner is entitled to equitable tolling during the time that he was unaware of the police report, he is still barred by the statute of limitations.  As noted by the Respondent, Petitioner claims that he discovered the "new evidence" in early 2002.  Petitioner's subsequent motion for relief from judgment was appealed to both the Michigan Court of Appeals and the Michigan Supreme Court, and was denied by the Michigan Supreme Court on April 29, 2003.  (See *People v. May*, Michigan Court of Appeals No. 242793, docket #16.)  Petitioner then had 90 days in which to seek certiorari in the United States Supreme Court.  *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000).  At the conclusion of the 90 day period, on July 28, 2003, the

statute of limitations would have begun running.  Therefore, Petitioner had until July 28, 2004, to file his habeas corpus petition.  Petitioner's application for habeas corpus relief is dated August 31, 2004.  Therefore, it is untimely.

In summary, the undersigned recommends that Respondent's motion for summary judgment (docket #7) be granted.  Because Petitioner's claims are barred by the applicable statute of limitations, the undersigned recommends that this Court dismiss the petition with prejudice.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the petitioner in this application for habeas corpus relief.  Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted.  A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability.  *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. Aug. 27, 2001).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted.  *Id.*  Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000).  *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. Aug. 27, 2001).  Consequently, the undersigned has examined each of petitioner's claims under the *Slack* standard.

The undersigned recommends that the court deny Petitioner's application on procedural grounds that it is barred by the statute of limitations.  Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it

- 6 -

debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The undersigned concludes that reasonable jurists could not debate that each of petitioner's claims are properly dismissed on the procedural grounds that it is barred by the statute of limitations. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the undersigned recommends that the court deny petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

 /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:  February 8, 2006

- 7 -